R. G. Bush *v.* E. Kansh Quissenberry, et al.

**Guardian and Ward—Irregularities in Proceedings for Sale of Ward's
Realty.**

Mere irregularities in the proceedings to sell the ward's real estate,
if not detrimental to the ward, will not effect the purchaser's title.

**Sale of Ward's Real Estate.**

The failure of a guardian or committee of an infant, idiot or luna-
tic to give bond will render the sale of its real estate void.

APPEAL FROM CLARK CIRCUIT COURT.

May 18, 1876.

OPINION BY JUDGE PRYOR:

This is a proceeding under Art. 3, of Chap. 63, of the General Statutes. The Revised Statutes provided that, "before a court shall have jurisdiction to decree a sale of infants' lands," commissioners must be appointed to report, and must report under oath the net value of the infant's real and personal estate, and the annual profit thereof, and whether the interest of the infants requires a sale, etc. Other steps were necessary in order to give the court jurisdiction in such cases. By the provisions of the General Statutes, courts of equity are clothed with the jurisdiction to sell the real estate of infants. The mode of proceeding in such cases is prescribed by various sections of the statute, not for the purpose of conferring jurisdiction, but to enable the chancellor to ascertain whether the interests of the infants require that a sale should be made. An error in the proceeding cannot affect the rights of the purchaser.

If the proceedings are merely erroneous by reason of a failure to comply with the provisions of the statute, such as the failure of the guardian to make oath to the petition, or the commissioners to report, the title in the purchaser after confirmation of the sale cannot be affected by it, unless the exceptions to the report of sale or its confirmation brings the case within the general doctrine authorizing the chancellor to set aside judicial sales. The petition filed by the guardian presenting a cause of action or alleging a state of facts showing that a sale of the same will prove beneficial to the infant, authorizes the sale to be made; and for mere errors in the proceeding, a reversal can only be had as in other cases; and the title of the purchaser acquired under the judgment by reason of the sale will remain undisturbed, unless for equitable reasons the chancellor is authorized to disregard it.

In general, the title of the purchaser in such cases will remain undisturbed unless there is a failure on the part of the guardian to comply with the provision of the fifth section of the article in question. This section reads: "If the guardian or committee of an infant, idiot or lunatic fails to give bond, the interest of such infant, idiot or lunatic shall not be sold, and any decree, sale or conveyance thereof shall be void." A bond must be executed as required

by the statute authorizing that proceeding, and the omission to execute this covenant renders the whole proceeding a nullity.

The bond executed in this case is ample to hold all the rights of the infants. And although not pursuing the letter of the statute, it is a substantial compliance with its provisions. The failure of the guardian to make oath to the petition cannot affect the rights of the purchaser. The court below acted properly in requiring the affidavit to be made to this pleading upon the filing of the exceptions to the commissioner's report of sale. The proceedings in this case vested the purchaser with title.

Judgment *affirmed.*
*Beckner & Nelson, for appellant.*